D'Ambrosio v. Bast-Hatfield, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand eighteen.

PRESENT: RALPH K. WINTER,
JOHN M. WALKER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

LARRY D'AMBROSIO, DBA Western
Contractors,

*Plaintiff-Counter-Defendant-Appellant*,

v.                                                                                          No. 17-3443-cv

BAST-HATFIELD, INC., MICHAEL SALISBURY,
Project Manager, AJ LOMNES, Vice President,

*Defendants-Counter-Claimants-Appellees*,

LOIS MCLAUGHLIN, in her official capacity as minority
representative of the WarnerHolmes Project for the
NY State University Construction Fund,

*Defendant-Appellee*,

WILLIAM P. MARKS, in his official capacity as Regional
Director of the New York State Division of Human Rights,

*Defendant.*

_____

FOR PLAINTIFF-APPELLANT:    Larry D'Ambrosio, pro se, Fort Hunter, NY.

FOR DEFENDANTS-APPELLEES:    Eric W. Gentino, Mastropietro Law Group, PLLC, Saratoga Springs, NY (*for* Bast-Hatfield, Michael Salisbury, A.J. Lomnes);

Jeffrey W. Lang, Victor Paladino, for Barbara D. Underwood, Acting Attorney General of the State of New York, Albany, NY (*for* Lois McLaughlin).

Appeal from a September 28, 2017, judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Larry D'Ambrosio (doing business as Western Contractors), *pro se*, sued contractor Bast-Hatfield, Inc. ("BHI"); BHI employees Michael Salisbury and AJ Lomnes; and Lois McLaughlin, the director of the New York State University Construction Fund's ("SUCF") Minority and Women's Business Opportunity Program ("MWBE Program"), bringing claims under Title VII, 42 U.S.C. §§ 1981 and 1983, and New York state law. He alleged Western subcontracted to perform roofing work for BHI and that BHI unfairly blamed him for project delays, failed to pay him, forced him and his employees to work in an unsafe environment, and disparaged Western's work product. He also alleged that McLaughlin violated his due process and equal protection rights by failing to investigate or mediate his conflicts with BHI and its employees. The district court granted summary judgment to the defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

2

Upon such review, we conclude that the district court properly granted summary judgment to the defendants.  Although D'Ambrosio claims that BHI and its employees treated him and his subcontracting operation unfairly, the district court correctly concluded that there was no evidence creating a genuine dispute of material fact as to whether this treatment was motivated by racially discriminatory intent.  Moreover, the district court correctly determined that D'Ambrosio failed to show that he or Western were employees of BHI within the meaning of Title VII, rather than subcontractors, offered no evidence showing that BHI and its employees were state actors for the purposes of § 1983, and failed to show that a waiver of a jury trial in the contract he signed with BHI was unenforceable.  Finally, the district court correctly determined there was no evidence creating a genuine dispute of material fact as to whether McLaughlin's position as director of SUCF's MWBE Program obligated her to mediate D'Ambrosio's conflicts with BHI, such that her failure to do so violated his constitutional rights, or that she was otherwise involved in any constitutional violation.  We therefore affirm for substantially the reasons stated by the district court in its thorough and well-reasoned September 28, 2017, decision.

We have considered all of D'Ambrosio's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3